IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAREA BENDER-MATHIS,<br>    Plaintiff, | )<br>)<br>) |
| vs. | )   C.A.No. 1:23-CV-208<br>) |
| THE CITY OF ERIE, et al,<br>    Defendants. | )   RE: ECF Nos. 12, 23<br>)<br>) |

**MEMORANDUM OPINION**

U.S. D.J. Susan Paradise Baxter

Pending before this Court are Defendants' motions to dismiss. ECF Nos. 12, 23.

I.     **Procedural Background**

This civil rights action was filed by Plaintiff Sharhea Bender-Mathis, acting *pro se*. As Defendants, Plaintiff has named Magisterial District Judge Timothy Beveridge, the City of Erie, Mayor Joseph Schember, Chief of Police Dan Spinarzy, and Detective Sergeant Jason Triana of the Erie Police Department. All are sued in both their official and individual capacities.

Liberally construing Plaintiff's allegations and arguments, the legal claims here arise from her arrest, detention, and the subsequent criminal charges brought against her. Plaintiff seeks to enforce the alleged violation of her constitutional rights by way of 42 U.S.C. § 1983. As relief for the alleged violation of her constitutional rights, Plaintiff seeks monetary damages, as well as declaratory and injunctive relief.

Magisterial District Judge Beveridge has moved to dismiss the claims against him based on judicial and Eleventh Amendment immunity. ECF No. 6. The remaining Defendants (the

1

"City Defendants") have moved separately to dismiss. ECF No. 12. Plaintiff opposes both pending motions. ECF Nos. 21, 28. Defendant Beveridge filed a reply brief. ECF No. 22. As these motions are fully briefed, they are ripe for disposition by this Court.

## II. Standard of Review

District courts are to engage in a three-step inquiry in order to determine the sufficiency of a complaint in the face of a motion to dismiss:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) *quoting Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011).

Because Plaintiff is proceeding *pro se*, the allegations of her complaint must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court must "apply the applicable law, irrespective of whether [Plaintiff] has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). *See also Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 ("Our policy of liberally construing *pro se* submissions is "driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2nd Cir. 2006)."). Notwithstanding this relaxed pleading standard, however, "pro se litigants still must

allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina*, 704 F.3d 239, 245 (3d Cir. 2013).

Although some state court records[1] have been provided to this Court by Plaintiff as attachments to her opposition brief, the review of such does not necessitate the conversion of the motion to dismiss into a motion for summary judgment. *See Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) ("… certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to a Federal Rule of Civil Procedure 56 motion for summary judgment.").

### III. The Allegations of the Complaint

In her bare-bones complaint, Plaintiff alleges that, on April **20**, 2022[2], she was "unlawfully searched and seized" by the Erie Police Department pursuant to the execution of two search warrants filed by Defendant Officer Triana. ECF No. 6, ¶ 12. As a result of the execution of the search warrants, she was charged by criminal complaint issued by Defendant Magisterial District Judge Beveridge and she was arrested. She does not specify the crime/s with which she was charged, but she claims that her arrest resulted in her losing her home and "having an

---

[1] Courts within the Third Circuit have held that a court may take judicial notice of court dockets at the motion to dismiss stage. *See In re Congoleum Corp.*, 426 F.3d 675, 679 n.2. (3d Cir. 2005) (taking judicial notice of "state court proceedings insofar as they are relevant"); *Mollett v. Leith*, 2011 WL 5407359, at *2 (W.D. Pa. 2011) ("A court may also take judicial notice of the docket in Plaintiff's underlying criminal trial.") *aff'd sub nom. Mollett v. Leicth*, 511 Fed. App'x 172 (3d Cir. 2013). Accordingly, this Court will take judicial notice of these documents because they are court records and because their authenticity is undisputed.

[2] Defendants reference the date of the search as April **2**, 2022, repeatedly throughout the brief in support of the motion to dismiss.

3

unwarranted restraint placed upon her life, limb, and liberty." *Id.* at ¶ 14. Plaintiff was held at the Erie County Prison for one day before she secured bond. *Id.* at ¶ 14.[3] Several months later, the criminal case against her was dismissed by Magisterial District Judge Edward Wilson. *Id.* at ¶ 15. Plaintiff does not provide any explanation for why the criminal charges were dismissed.

Plaintiff claims that the unlawful search and seizure violated her "constitutionally protected rights stemming from a custom unofficially adopted and practiced by the [Erie Police Department] in the areas of criminal investigations and arrests." *Id.* at ¶ 16. Plaintiff alleges that Defendants Officer Triana and Judge Beveridge violated her Fourth Amendment rights by way of false arrest and false imprisonment. *Id.* at ¶¶ 18-22. She also claims that Beveridge violated her Eighth Amendment rights due to her unlawful incarceration. *Id.* at ¶ 23. Finally, she seeks to hold the City of Erie, Mayor Schember, and Police Chief Spinarzy responsible for the violation of her rights under a *Monell* theory. *Id.* at ¶ 24.

### IV. Defendant Beveridge's Motion to Dismiss

Defendant Beveridge moves to dismiss the claims against him on multiple immunity grounds pursuant to Federal Rule of Civil Procedure 12(b)(6).

Judicial officers are immune from damage suits arising out of their official duties. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in complete absence of all jurisdiction. *Stump*, 435 U.S. at 355-56. Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity

---

[3] There are two paragraphs numbered as 14 in the complaint. *See* ECF No. 6, page 3.

extends to magisterial district judges such as Defendant Beveridge. *Blackwell v. Middletown Borough Police Dep't*, 2012 WL 4033671, at *4 (M.D. Pa. May 30, 2012) *citing Figuero v. Blackburn*, 208 F.3d 435, 441 (3d Cir. 2000).

"A judge will not be deprived of immunity because the action she took was in error, was done maliciously, or was in excess of authority…" *Stump*, 435 U.S. at 356. *See also Forrester v. White*, 484 U.S. 219, 227 (1988) (an act "does not become less judicial by virtue of an allegation of malice or corruption of motive."); *Cleavinger v. Saner*, 474 U.S. 193, 200 (1985) ("Nor can this exemption the judges from civil liability be affected by the motive with which ther judicial acts are performed."). Furthermore, judicial immunity is not forfeited even if a judge committed "grave procedural errors," conducted a proceeding in an "informal and ex parte" manner, or performed an action that was "unfair" or controversial. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2005). Judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas*, 211 F.3d at 768. And "[g]enerally … where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Figueroa*, 208 F.3d at 443-44 (cleaned up).

In this case, the alleged actions attributed to Defendant Beveridge were performed in his judicial capacity. Plaintiff's allegations focus solely on Judge Beveridge's rulings and conduct in connection with the criminal proceedings against her. The only allegation made against him is

5

that he issued a criminal complaint. *See* ECF No. 6, ¶ ¶ 20-23.[4] This allegation relates solely to Defendant Beveridge's conduct during the criminal proceedings against Plaintiff and are therefore shielded from liability.

In her opposition brief, Plaintiff argues that Judge Beveridge is not immune here because he "usurped his jurisdiction" by issuing a criminal complaint that lacked probable cause. ECF No. 21. Plaintiff's argument incorrectly equates a probable cause determination with the lack of jurisdiction, though these are separate matters. Under Pennsylvania law, a magisterial district judge has the authority (i.e., in legal terms, jurisdiction) to issue criminal complaints and search warrants. *See* Pa.R.Crim.P. 200 (commentary explaining that "[t]his rule formally authorizes magisterial district judges … to issue search warrants."). Even erroneous probable cause determinations do not call a judge's jurisdiction into question. Because Defendant Beveridge is entitled to absolute judicial immunity as to the damages portion of Plaintiff's complaint, his motion to dismiss will be granted.

Moreover, the official capacity claims will also be dismissed as such claims are actually claims against the Commonwealth of Pennsylvania since magisterial district judges are part of Pennsylvania's unified judicial system. *See Green v. Domestic Relations Section Ct. of Common Pleas Compliance Unit Montgomery Cty.*, 649 Fed. App'x 178, 180 (3d Cir. 2016) ("All courts in the unified judicial system are part of the Commonwealth.") (cleaned up); *Youst v. Lancaster City Bureau Police Dep't*, 2020 WL 6562073, at *4 n.9 (E.D. Pa. Nov. 9, 2020) (explaining that "claims brought against [magisterial district judge] in her official capacity are really claims brought against the Commonwealth of Pennsylvania because, as a magisterial district judge

---

[4] The Court notes that there are two paragraphs numbered 20, and no paragraph numbered 21. *See* ECF No. 6, page 4.

within Pennsylvania's Unified Judicial System, [defendant magisterial district judge] is considered an official of the Commonwealth."); *see also* 42 Pa. C.S. § 301 ("The judicial power of the Commonwealth shall be vested in a unified judicial system consisting of the; ... (4) Courts of common pleas [and] ... (9) Magisterial district judges.").

The Eleventh Amendment bars suits against the Commonwealth and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. & Hosp. v. Haldeman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court (*see* 42 Pa.C.S. § § 8521-22; *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000)), the Commonwealth and its officials sued in their official capacities, are immune from suits filed in federal court. Accordingly, the official capacity claims against Defendant Beveridge will be dismissed. Because any amendment in regard to Defendant Beveridge would be futile, this dismissal is with prejudice and Plaintiff will not be permitted to amend her claims against him.

### V. City Defendants' motion to dismiss

#### A. Defendant Triana

Although the complaint is inartfully pled, this Court construes the pro se pleading as raising § 1983 claims of false arrest, false imprisonment, and possibly malicious prosecution, based on Defendant Triana's alleged violations of Plaintiff's Fourth Amendment right to be free from unlawful searches and seizures. ECF No. 6, ¶ ¶ 18-22. The factual allegations of the complaint are limited to six short sentences [*id.* at ¶ ¶ 12-16] which provide only the most scant

of details. As pled, the complaint fails to state any claim against Triana upon which relief may be granted because there are literally no factual details to support such claims.

However, while the complaint lacks factual specifics, Plaintiff's brief in opposition to the motion to dismiss provides numerous factual details and additional legal theories, including among them an argument that the affidavits of probable cause signed by Defendant Triana in his application for search warrant "contained a mix of omissions and misstatements" related to the "alleged actual occurrence" of three controlled drug buys. Plaintiff contends that none of the three buys actually occurred and that Triana deliberately included them in the affidavit of probable cause in order to mislead the court. ECF No. 28, page 4. None of these factual details are laid out in the complaint.

In support of her arguments, Plaintiff has attached an application for search warrant of 2020A East 10th Street, an application for search warrant of 1055 Rankine Avenue, the lengthy affidavit of probable cause, three inventories of seized property, a receipt for and email communication about the delivery of a Dodge Durango, and two excerpts of the deposition transcripts of unidentified deponents. ECF No. 28-1 through 28-4. Of particular note are the affidavit of probable cause (which details three drug buys from an individual in a Dodge Durango on unspecified dates[5] but within about a month of April 19, 2022) and the communication about the delivery of a Dodge Durango on April 2, 2022. These documents could support Plaintiff's argument that, at least the earliest drug buy detailed in the affidavit of

---

[5] The affidavit of probable cause, dated April 19, 2022, outlines three controlled drug purchases: one made "within the past month," another "within the past two weeks," and a third "within the last 48 hours." ECF No. 28-2, pages 2-3.

probable cause did not actually occur as the Durango may not have been delivered to Erie, Pennsylvania from Texas.[6]

Arguments raised for the first time in an opposition brief are not equivalent to factual allegations in a pleading. Therefore, because Plaintiff is a pro se litigant, she will be given the opportunity to file an amended complaint in regard to her allegations of Fourth Amendment violations against Detective Triana. *See Pennsylvania v. Buckshaw*, 2010 WL 1443526 (M.D. Pa. 2010); Fed.R.Civ.P. 15(a)(2) ("the court should freely give leave [to amend] when justice so requires."). The motion to dismiss will be granted.

### B. Defendants City of Erie, Mayor Schember, and Chief Spinarzy

Plaintiff claims that Defendants City of Erie, Mayor Schember, and Police Chief Spinarzy are liable on a *Monell* theory. *Id.* at ¶ 24. She alleges only that her "constitutionally protected rights stemming from a custom unofficially adopted and practiced by the [Erie Police Department] in the areas of criminal investigations and arrests." *Id.* at ¶ 16. The factual foundation of Plaintiff's claim is, once more, notably underdeveloped.

Plaintiff has failed to state a *Monell* claim against the City of Erie as she has failed to provide sufficient factual detail to show that (1) she "possessed a constitutional right of which [she] was deprived; (2) the municipality had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation." *Durham v. City of Phila.*, 2020 WL 6940021, at * 2 (E.D. Pa. Nov. 25, 2020) *quoting Vargas v. City of Phila.*, 783 F.3d 962, 974 (3d Cir. 2015). A plaintiff must identify a policy or custom with at least some level of

---

[6] Defendants have not filed a reply brief addressing Plaintiff's arguments.

factual specificity and here Plaintiff has not done so.[7] *See Kirby v. Visionquest National, Ltd.*, 2016 WL 1623439, at *3 (E.D. Pa. 2016). Her failure to do so does not mean that she could not do so if given the opportunity. The motion to dismiss will be granted and Plaintiff will be allowed to amend her complaint in this regard.

Plaintiff names Mayor Schember and Chief Spinarzy as Defendants. The complaint fails to state a claim against them because Plaintiff has not alleged their personal involvement in any constitutional violation. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs ... Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity."). Again, Plaintiff will be allowed to amend her complaint in this regard.

### VI. Conclusion

In summary, Plaintiff will be allowed to file an amended complaint in regard to her claims against Detective Triana, Chief Spinarzy, Mayor Schember, and the City of Erie.

The amended complaint must contain a statement of facts which sets forth the relevant details of this case. In civil rights cases, more than conclusory and vague allegations are required in order to state a cause of action. The amended complaint must include relevant dates, times, and locations. Plaintiff should relate the relevant facts in chronological order. If she believes such supports her claims, Plaintiff may attach "evidence" to her amended complaint.

---

[7] Her opposition brief theorizes that the *Monell* claim is based on the failure to train or supervise police officers.

The amended complaint must explain what happened by specifically describing each Defendant's behavior or action – or lack of action – that resulted in the alleged constitutional violation. Plaintiff should provide factual background that explains the "who, what, where, when, and how" of her claims, rather than focusing on legal terms and theories. Failure to follow these instruction may result in the dismissal of this action.

An accompanying order will follow.