IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAREA BENDER-MATHIS,　　　　　)
　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　)　　　　C.A.No. 1:23-CV-208
　　　　　　　　　　　　　　　　　)
THE CITY OF ERIE, et al,　　　　)
　　　　Defendants.　　　　　　　)

## MEMORANDUM OPINION

Pending before this Court is Plaintiff's Emergency Motion for Injunctive Relief. ECF No. 39.

### I.    Procedural Background

This civil rights action was filed by Plaintiff Sharhea Bender-Mathis, acting *pro se*. As Defendants to this action, Plaintiff has named the City of Erie, Mayor Joseph Schember, Chief of Police Dan Spinarzy, and Detective Sergeant Jason Triana of the Erie Police Department.[1] Liberally construing the *pro se* allegations[2] of Plaintiff's Amended Complaint, the legal claims

---

[1] In her original complaint, Plaintiff named Magisterial District Judge Timothy Beveridge as a Defendant. Beveridge has previously been dismissed from this action.

[2] Because Plaintiff is proceeding *pro se*, the allegations of her complaint must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court must "apply the applicable law, irrespective of whether [Plaintiff] has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). *See also Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 ("Our policy of liberally construing *pro se* submissions is "driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006).").

here arise from her arrest and detention, and subsequent criminal charges brought against her which were later withdrawn.[3] Plaintiff seeks to enforce the alleged violation of her Fourth Amendment rights by way of 42 U.S.C. § 1983. As relief for the alleged violation of her constitutional rights, Plaintiff seeks monetary damages, as well as declaratory and injunctive relief.[4]

Plaintiff was allowed to file an Amended Complaint after her Original Complaint was dismissed for failure to state a claim. *See* ECF Nos. 31, 32. Following the filing of the Amended Complaint, Plaintiff filed an "Emergency Motion for Injunctive Relief." ECF No. 39. As relief, she seeks an order directing:

    1) The immediate return of Plaintiff's lawfully owned property seized on April 20, 2022, including but not limited to:

---

[3] Plaintiff characterizes her legal claims as follows: "violation of Fourth Amendment rights (unlawful search warrants based on false information)"; "violation of Fourth Amendment rights (unlawful arrest and seizure at Planet Fitness)"; "false imprisonment (illegal arrest at Planet Fitness)"; "violation of Fourth Amendment rights (unlawful arrest and seizure due to lack of probable cause)"; "fabrication of evidence under 42 U.S.C. § 1983"; "fabrication of evidence – false claim of personal service"; and *Monell* claims against City of Erie, Defendant Dan Spizarny, and Defendant Joe Schember (violation of Fourth Amendment rights)." ECF No. 33.

[4] In her prayer for relief, Plaintiff:
    prays that this Court enter judgement [sic] granting Plaintiff a declaration that the acts and omissions described herein violate her rights under the Constitution and laws of the United States and a preliminary and permanent injunction ordering Defendants to cease practice of their entrenched unconstitutional misbehaviors as well as the unofficially adopted custom by the City of Erie. Plaintiff further prays the court grant compensatory damages in the amount of $50,000 against each Defendant, jointly and severally totaling $200,000. Plaintiff seeks punitive damages in the amount of $150,000. Plaintiff seeks these damages against each Defendant, jointly and severally totaling $600,000. Plaintiff seek[s] a jury trial on all issues triable by jury. Plaintiff also seek[s] recovery of her cost in this suit, and any additional relief this court deems just, proper, and equitable.
ECF No. 33.

- $18,532 in cash

- A Smith & Wesson M&P Shield 9mm pistol, Serial No. JFB6288;

- A Ruger LCP .22 caliber pistol, Serial No. 380740644;

- Ammunition;

- Firearm accessories including a gun holster and gun box;

- Four cell phones, including one taken from Plaintiff's person:

- Multiple keys and key rings; and

- Handwritten notes and personal mail.

2) A declaration that the continued retention of her property constitutes an ongoing violation of her constitutional rights...

ECF No. 39, pages 6-7.


## II. Standard of Review

A preliminary injunction is "an extraordinary remedy granted only in limited circumstances." *Issa v. Sch. District of Lancaster*, 847 F.3d 121, 131 (3d Cir. 2017) *citing Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014). The Court of Appeals for the Third Circuit recently reiterated the standards to be used in resolving motions for preliminary injunction: "[a] court weighting a preliminary injunction must consider four guideposts: (1) the movants' likelihood of success on the merits; (2) the risk that the movants will suffer irreparable harm absent preliminary relief; (3) the balance of equities; and (4) the public interest." *Boynes v. Limetree Bay Ventures LLC*, 110 F.4th 604, 610 (3d Cir. 2024).

The first two factors, probability of success on the merits and irreparable harm, are "prerequisites that the moving party must establish." *Amalgamated Transit Union Local 85 v. Port Auth. of Allegheny Cty.,* 39 F.4th 95, 102-03 (3d Cir. 2022) *quoting Greater Phila. Chamber of Commerce v. City of Phila.*, 949 F.3d 116, 133 (3d Cir. 2020). In other words, the burden is on Bender-Mathis to demonstrate both that she has a probability of success on the merits of her legal claims and that she will be irreparably harmed if the preliminary relief is not granted. Only if both of these two "gateway factors" are established by the movant, the court then proceeds to "determine[] [whether] in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* A party seeking a mandatory preliminary injunction that will alter the status quo, as here where Plaintiff seeks the return of personal property allegedly seized during a criminal investigation involving herself and another individual, bears a particularly heavy burden in demonstrating its necessity. *Acierno v. New Castle County,* 40 F.3d 645, 653 (3d Cir. 1994) *citing Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980).

## III. Discussion and Analysis

"The irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages. This is not an easy burden." *Adams v. Freedom Forge Corp.,* 204 F.3d 475, 484-85 (3d Cir. 2000) (internal citations omitted). "The word irreparable connotes that which cannot be repaired, retrieved, put down again, atoned for." *Acierno*, 40 F.3d at 653 (cleaned up). Plaintiff baldly argues, without any support, that the deprivation of her property seized as part of the criminal investigation, especially her firearms, causes her to suffer "emotional distress,

reputational harm, and financial hardship" that cannot be remedied by monetary relief and warrants preliminary judicial intervention. ECF No. 39. In her reply brief, Plaintiff expands slightly on her position by pointing out that "monetary relief does not preclude injunctive relief where constitutional violations are ongoing or where the deprivation affects liberty or personal property interests that are unique and irreplaceable." ECF No. 43, ⁋ 36, *citing Adams*. While the legal citation itself is accurate, Plaintiff misunderstands its application here. The basis of Plaintiff's legal claim is the seizure of her personal property allegedly in violation of the Fourth Amendment. While the deprivation of the interest in her personal property is ongoing, Plaintiff has not proven that her "harm" is either "unique or irreplaceable" and that monetary compensation is inadequate to make her whole.[5] Because Plaintiff has not met her burden to demonstrate irreparable harm, one of the two "gateway factors" to obtain preliminary injunctive relief, the motion will be denied.

An appropriate Order follows.

---

[5] In her Reply brief, Plaintiff raises the assertion that her Second Amendment right to bear arms, as well as her Fifth and Fourteenth Amendment right to due process, are impacted by the ongoing deprivation of her property. ECF No. 43, ⁋ 34. She has not pled either of these claims in her Amended Complaint. As explained previously "arguments raised for the first time in an opposition brief are not equivalent to factual allegations in a pleading." *See* ECF No. 31, p. 9.