## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAREA BENDER-MATHIS,　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　)　　C.A.No. 1:23-CV-208
　　　　　　　　　　　　　　　　　　　)
THE CITY OF ERIE, et al,　　　　　　　　)
　　　Defendants.　　　　　　　　　　　)

## MEMORANDUM ORDER

Pending before this Court is Plaintiff's motion for Reconsideration of this Court's order denying her Emergency Motion for Injunctive Relief. ECF No. 51.

Plaintiff, who is proceeding pro se, explains that she did not fully understand the burden required to obtain such preliminary injunctive relief and acknowledges that her prior submissions "lacked the clarity and evidentiary specificity necessary to fully convey the nature, scope, and severity of the harm she is enduring." *Id*. She therefore asks this Court for the opportunity to clarify and supplement the record with additional factual and legal support for her original motion. *Id*. The present motion will be denied.

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration under Federal Rule of Civil Procedure 59(e) must therefore rely on one of three grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued the order; or (3) the need to correct a clear error of law or fact to prevent a manifest injustice. *Id*.

A motion for reconsideration may not be used to relitigate matters already decided or to raise arguments that could have been presented earlier. Motions for reconsideration should not be

1

used to advance additional arguments which could have been made by the movant before judgment. *Reich v. Compton*, 834 F.Supp. 753, 755 (E.D. Pa. 1993) *aff'd in part*, *rev'd in part*, 57 F.3d 270 (3d Cir. 1995). In other words, requests for a "second bite of the apple" are not an appropriate basis for relief on a motion for reconsideration. *See, e.g., Boone v. Daughtery*, 2013 WL 5836329, at *1 (W.D. Pa. Oct. 30, 2013) *citing Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

Plaintiff's motion does not meet the *Max's Seafood* standard. She does not identify any intervening change in controlling law, nor does she present newly discovered evidence that was previously unavailable. Neither does she argue the need to correct a clear error of law or fact to prevent a manifest injustice. Rather, Plaintiff acknowledges that her earlier filings did not adequately present the factual and legal basis for the injunctive relief she sought and she request an opportunity to supplement the record. While the Court construes pro se filings liberally, reconsideration is not a vehicle to cure deficiencies in prior submissions or to advance arguments that could have been raised in the original motion. Because Plaintiff has not demonstrated any basis warranting reconsideration under the governing standard, the motion will be denied.

Dated: March 31, 2026

SUSAN PARADISE BAXTER
United States District Judge

2